Seaboard Excavators, Inc. v. Commissioner.
Seaboard Excavators, Inc. v. Commissioner
Docket No. 20464.
United States Tax Court
T.C. Memo 1955-244; 1955 Tax Ct. Memo LEXIS 90; 14 T.C.M. (CCH) 972; T.C.M. (RIA) 55244; August 31, 1955
*90 During 1942, petitioner was engaged in the general excavation, hauling, and grading business. The proceeds from two checks in the amount of $3,194.99 received for the use of its equipment and for work done by it were not deposited in its bank account nor reported on its return. It reported gross income of $92,144.92 for such year. Petitioner entered no appearance at the hearing, and respondent's motion for judgment on the pleadings as to deficiencies in income and excess profits taxes and a penalty under section 291(a) was granted. Held, respondent has failed to prove by clear and convincing evidence that such deficiencies were due to fraud with intent to evade tax. John C. Calhoun, Esq., for the respondent. RICE
Memorandum Findings *91 of Fact and Opinion This proceeding involves the following deficiencies in taxes and penalties under sections 291(a) and 293(b) of the 1939 Code determined by the respondent for the taxable year 1942: Sec. 291(a)
Sec. 293(b)
Deficiency
Penalty
Penalty
Income Tax
$ 635.42
None
$ 317.71
Excess Profits
Tax
3,500.72
$875.18
1,750.36
The petitioner entered no appearance when this proceeding came on for hearing on the calendar at Huntington, West Virginia, on May 17, 1955. We granted respondent's motion for judgment on the pleadings as to the deficiencies in taxes and penalties under section 291(a). The only issue is whether such deficiencies were due to fraud with intent to evade tax. Findings of Fact Petitioner is a New York corporation, incorporated under the laws of that state in September 1938. Its principal office was in New York City. It filed a Federal income and declared value excess-profits tax return for the calendar year 1942 with the collector of internal revenue for the first district of New York. It did not file an excess-profits tax return for such year. It reported its income on the accrual basis of accounting. Petitioner *92 was controlled by three stockholders who were its only officers. The three stockholder-officers were two brothers and a sister - Lester and Harry Kaufman, and Blanche Fink. During the year in issue, petitioner was engaged in the general excavating, hauling, and grading business in the Norfolk, Virginia, and Washington, D.C. areas. It maintained two bank accounts; one in Forest Hills, New York, and one in Arlington, Virginia, in which its income was deposited. On January 20, 1942, the V. & M. Sand and Gravel Company of Alexandria, Virginia, gave Harry Kaufman a check in the amount of $229.12 in payment for the use of some of petitioner's equipment. That check was later endorsed by Harry Kaufman's wife and deposited by her in her personal account in a New York bank. Later in 1942, John McShain Inc. issued its check in the amount of $9,865.87 to "Kaufman Brothers & Co." in payment for work which petitioner had done as a subcontractor. The check was endorsed by a stamp, reading: "Jaufman Bros. & Co." and was cashed at the Chase National Bank in New York City. Only $6,900 of the payment from John McShain Inc. was accrued on petitioner's books. On its return for 1942, petitioner reported *93 gross income of $92,144.92. Respondent determined that the unreported proceeds from the two above described checks totaling $3,194.99 were additional income of petitioner which it failed to report on its return for 1942, and that its failure to report such sum was due to fraud with intent to evade tax. The respondent has not proved by clear and convincing evidence that the deficiencies in income and excess profits tax here in issue were due to fraud with intent to evade tax. Opinion RICE, Judge: As heretofore noted, petitioner entered no appearance when this proceeding was heard and we accordingly granted respondent's motion for judgment on the pleadings as to the deficiencies in taxes and the penalty determined under section 291(a). The remaining issue is whether such deficiencies were due to fraud with intent to evade tax. The respondent failed to establish, by clear and convincing evidence, that such deficiencies were due to fraud. He called, as a witness, the revenue agent who conducted the investigation of petitioner's return for the year in issue. The only fact which that witness established was that what appeared to be income in the amount of $3,194.99 had not been *94 included by petitioner on its books, nor reported on its return. Why such sum was not reported, we do not know. In view of reported gross income of $92,144.92 and on no more evidence than we have before us here, we are unable to agree with respondent that the petitioner's failure to report the sum in question was with a fraudulent intent to evade taxes. Decision will be entered under Rule 50.